**IT IS ORDERED as set forth below:**



**Date: September 29, 2020**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| DANIEL BOYELE VIDAH, | : | BANKRUPTCY CASE |
|  | : | 19-56687-LRC |
| Debtor. | : |  |
| _____ | : |  |
|  | : |  |
| DAVID SABETI, | : | ADVERSARY PROCEEDING |
|  | : | NO. 19-05267-LRC |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| DANIEL BOYELE VIDAH, | : | IN PROCEEDINGS UNDER |
|  | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## ORDER

Before the Court is a *Motion for Summary Judgment* (Doc. 5) (the "Motion") filed by David Sabeti ("Plaintiff"). The Motion arises in connection with a complaint (Doc. 1)

(the "Complaint") filed by Plaintiff seeking a determination that his judgment against Daniel Boyele Vidah ("Defendant") for $46,610 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[1] This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(I); 1334(b).

I.   Background

Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 30, 2019. *See* Case No. 19-56687-LRC, Doc. 1 (the "Bankruptcy Case"). On August 2, 2019, Plaintiff filed the Complaint, which alleges that Plaintiff loaned $50,000 to Defendant and two other parties, and Defendant provided collateral to Plaintiff in the form of a quitclaim deed. After Defendant and the other parties then defaulted on the loan, Plaintiff filed suit in the State Court of Gwinnett County (the "State Court"), asserting claims for breach of contract, fraud, civil conspiracy, unjust enrichment, and punitive damages. *See* Doc. 1, pp. 6-27 (the "State Court Complaint").[2] Regarding the fraud claim, the State Court Complaint alleged that Defendant misrepresented to Plaintiff that he had authority to convey the quitclaim deed as collateral for the loan.

Defendant and the other parties failed to file a responsive pleading in the State Court, and the State Court entered default judgment. Following a hearing on damages, at which Plaintiff and Defendant appeared, the State Court entered final judgment in favor of Plaintiff in the amount of $46,610 on November 18, 2016. *See* Doc. 1, pp. 26-27 (the "State

---

[1] All further references to § are to the Bankruptcy Code, title 11 of the United States Code, unless otherwise noted.
[2] The State Court Complaint was filed against Vidah Motorsports Corporation, Godfrey Andojo, and Kalilou Touray. Pursuant to Defendant's bankruptcy petition, Defendant has used the name Godfrey Andojo in the past eight years. *See* Case No. 19-56687-LRC, Doc. 1, p. 1.

2

Court Judgment").

Through the Motion, Plaintiff contends that under the doctrine of collateral estoppel, the State Court Judgment prevents Defendant from relitigating the fraud issues raised in the State Court Complaint and, therefore, he is entitled to judgment as a matter of law that the debt is nondischargeable pursuant to § 523(a)(2)(A). In response, Defendant argues that the elements of collateral estoppel have not been satisfied because the State Court Judgment did not specifically state whether the judgment was based on Plaintiff's fraud claim or the other claims asserted against Defendant in the State Court Complaint.

II. Legal Standards

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a court will grant summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c), FED. R. BANKR. P. 7056. The moving party bears the burden of establishing the right to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982). Once the moving party makes a prima facie showing of its right to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that a material issue of fact exists precluding summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Where the facts are not disputed, the Court must determine whether the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

At the summary judgment stage of a proceeding, the Court's function is not to

determine the truth of the matter by weighing the evidence, but rather to determine if there is a genuine issue for trial. *Id*. When making this determination, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985). "All reasonable doubts and inferences should be resolved in favor of the opponent." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir. 1985).

### III. Discussion

Plaintiff contends that he is entitled to summary judgment because the State Court Judgment collaterally estops relitigation of whether the debt owed arose from Defendant's fraud. "Collateral estoppel principles apply to dischargeability proceedings." *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 (11th Cir. 1993) (citing *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991)). Because the State Court Judgment was "rendered by a state court, . . . the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect." *Id.* at 675–76. To establish a claim for collateral estoppel under Georgia law, the following elements must be satisfied:

> (1) There must be an identity of issues between the first and second actions; (2) the duplicated issue must have been actually and necessarily litigated in the prior court proceeding; (3) determination of the issue must have been essential to the prior judgment; and (4) the party to be estopped must have had a full and fair opportunity to litigate the issue in the course of the earlier proceeding.

*Sterling Factors, Inc. v. Whelan*, 245 B.R. 698, 704 (N.D. Ga. 2000); s*ee also Community State Bank v. Strong*, 651 F.3d 1241, 1264 (11th Cir. 2011); *In re Lewis*¸ 2016 WL

4

1426929, at *1 (Bankr. N.D. Ga. Apr. 11, 2016).

Here, Defendant argues that neither the "actually and necessarily litigated" nor the "essential to the judgment" prong is satisfied because the State Court Judgment made no finding of fact as to whether Defendant engaged in fraudulent conduct. Plaintiff responds by arguing that default judgments automatically satisfy these elements or, alternatively, that bankruptcy courts in Georgia recognize that "fraud is rarely brought alone, and often gives rise to other causes of action such as breach of contract, and a judgment that satisfies multiple claims, including fraud, will not prevent the application of collateral estoppel."[3] The Court agrees with Defendant.

In the State Court Judgment, the State Court did not make a clear finding of liability as to any of the claims asserted by Plaintiff in the State Court Complaint. Instead, the State Court Judgment merely says that Defendant "failed to respond to Plaintiff's Complaint as required by O.C.G.A. § 9-11-55(a), and therefore is in default" and that "Plaintiff shall have judgment against Defendant Daniel Boyele Vidah in the amount of $46,610 with interest accruing at the legal rate from the date of this judgment." "Where two or more possible grounds would theoretically support a judgment, and the court does not clearly state on which ground its judgment rests, the judgment cannot have issue preclusive effect

---

[3] In support of the proposition that "a default judgment arising from multiple claims, including fraud, will not prevent the application of collateral estoppel," Plaintiff cites the case of *In re Hooks*, 238 B.R. 880 (Bankr. S.D. Ga. 1999). However, the default judgment at issue in that case stated that the plaintiff was entitled to "recovery for all prayers for relief in the Complaint including fraud." *Id.* at 883. No such language is present in the default judgment in this case. Further, *Hooks* relied on *In re St. Laurent*, 991 F.2d 672, which also held that a judgment based on multiple grounds including fraud did not prevent the application of collateral estoppel. However, the court in *St. Laurent* held that a determination of fraud had been necessary to the judgment because punitive damages were awarded in the judgment and "[t]he state court based its punitive damages award explicitly upon its finding of fraud." Unlike in *St. Laurent*, the judgment at issue in this case does not impose punitive damages. Accordingly, these cases are distinguishable.

5

as to either issue, for neither is definitely the ground of the judgment." *Community State Bank,* 651 F.3d at 1268; *see also In re Lewis*, 2016 WL 1426929, at *2. Because Plaintiff pled multiple theories of recovery and the default judgment does not specify upon which basis it was granted, the Court cannot find that the issue of fraud was "necessary" or "essential" to the judgment. Therefore, the Court concludes that the State Court Judgment does not satisfy the requirements for collateral estoppel under Georgia law.

## CONCLUSION

Having found that the State Court Judgment is not entitled to preclusive effect, the Court finds that genuine issues of material fact remain as to whether Defendant's conduct meets the requirements of § 523(a)(2)(A). Accordingly, for the reasons stated herein,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* (Doc. 5) filed by Plaintiff is **DENIED.**

## END OF DOCUMENT

**Distribution List**

**Roy Amit Banerjee**
KPPB LAW
One Lakeside Commons, Suite 800
990 Hammond Drive, NE
Atlanta, GA 30328

**Daniel Boyele Vidah**
789 Hammond Dr. #1509
Atlanta, GA 30328

**Danielle J. Eliot**
Law Office of Danielle J. Eliot, PC
Suite 151
2470 Windy Hill Road, SE
Marietta, GA 30067

6